IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TAMMY L. D.,** [1] **Plaintiff,** v. **KILOLO KIJAKAZI, ACTING COMMISSIONER of SOCIAL SECURITY,** **Defendant.** | **Case No. 21-CV-01576-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, represented by counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits ("DIB") benefits pursuant to 42 U.S.C. § 423.[2]

## PROCEDURAL HISTORY

Plaintiff applied for DIB on October 2, 2019, alleging disability beginning on December 1, 2018. (Tr. 13). The claim was initially denied on June 24, 2020, and upon reconsideration on November 2, 2020. (Tr. 57, 92). After a hearing on April 13, 2021 (Tr. 26-56), the Administrative Law Judge ("ALJ") denied the application on May 4, 2021. (Tr. 10-25). On October 15, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final agency decision. (Tr. 1-6).

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.
[2] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423 et seq., and 20 C.F.R. pt. 404.

Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following points:

1. Whether the ALJ failed to properly evaluate credibility.

## APPLICABLE LEGAL STANDARDS

To qualify for disability benefits, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

A "physical or mental impairment" is an impairment resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. 32 U.S.C. § 423(d)(3). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities, and that is done for pay or profit. 20 C.F.R. § 404.1572.

Social Security regulations set forth a sequential five-step inquiry to determine whether a claimant is disabled. The Seventh Circuit Court of Appeals has explained this process as follows:

> The first step considers whether the applicant is engaging in substantial gainful activity. The second step evaluates whether an alleged physical

or mental impairment is severe, medically determinable, and meets a durational requirement. The third step compares the impairment to a list of impairments that are considered conclusively disabling. If the impairment meets or equals one of the listed impairments, then the applicant is considered disabled; if the impairment does not meet or equal a listed impairment, then the evaluation continues. The fourth step assesses an applicant's residual functional capacity (RFC) and ability to engage in past relevant work. If an applicant can engage in past relevant work, he is not disabled. The fifth step assesses the applicant's RFC, as well as his age, education, and work experience to determine whether the applicant can engage in other work. If the applicant can engage in other work, he is not disabled.

*Weatherbee v. Astrue*, 649 F.3d 565, 568-69 (7th Cir. 2011).

Stated differently, it must be determined: (1) whether the claimant is presently unemployed; (2) whether the claimant has an impairment or combination of impairments that is serious; (3) whether the impairment(s) meet or medically equal one of the listed impairments acknowledged to be conclusively disabling; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work within the economy, given his or her age, education, and work experience 20 C.F.R. § 404.1520; *Simila v. Astrue*, 573 F.3d 503, 512-13 (7th Cir. 2009).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). Other than at step 3, a negative answer at any step precludes a finding of disability. The plaintiff bears the burden of proof at steps 1 to 4. *Id*. Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id*.

The Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex. rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. *See Parker v. Astrue*, 597 F.3d 920, 921 (7th. Cir. 2010), and cases cited therein.

### THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. She found that the claimant had not engaged in substantial gainful activity since December 1, 2018. (Tr. 15). The ALJ found that Plaintiff had severe impairments of

irritable bowel syndrome ("IBS"), gastritis, and gastroesophageal reflux disease. (*Id*.). The ALJ noted that Plaintiff had hypertension and asymptomatic gallstones as well as medically determinable mental impairments of depressive disorder and anxiety disorder which are non-severe impairments. (Tr. 15-16). The ALJ considered all of the Plaintiff's medically determinable impairments, including those that are not severe, when he assessed Plaintiff's RFC. (Tr. 17-19).

The ALJ did not doubt the existence of the problems Plaintiff described. However, the ALJ's primary concern was with the severity of those problems. (*Id*.). The ALJ reasoned that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that her "statements concerning the intensity, persistence and limiting effects" of her symptoms "were not entirely consistent with the medical evidence and other evidence in the record. . . ." (Tr. 18). The ALJ concluded that Plaintiff had the RFC to perform a range of work at the light exertional level "except lifting 20 pounds occasionally and 10 pounds frequently; carrying 20 pounds occasionally and 10 pounds frequently; sitting for 6 hours; standing for 6 hours; walking for 6 hours in an 8-hour workday." (Tr. 17). Further, the ALJ determined that Plaintiff should "avoid even moderate exposure to unprotected heights and moving mechanical parts." (*Id*.).

The ALJ found that Plaintiff is able to perform her past relevant work as a Dental Lab Technician and as an Office Manager. (Tr. 19). Dental Lab Technician is defined in the Dictionary of Occupational Titles ("DOT") number 712.381-018. (Tr. 20). Dental Lab Technician is categorized as light exertional level per the DOT and

as performed. (*Id.*). Office Manager is defined in the Dictionary of Occupational Titles ("DOT") number 169.167-034. (*Id.*). Office Manager is categorized as sedentary exertional level per the DOT and as performed. (*Id.*). Both Dental Lab Technician and Office Manager are categorized as having a Specific Vocational Preparation ("SVP") of 7. As required by SSR 82-62, this work was substantial gainful activity, was performed long enough to achieve average performance, and was performed within the relevant time period. (*Id.*). The ALJ relied on the testimony of a vocational expert ("VE"). Based on the testimony of the VE the ALJ determined that Plaintiff was able to perform her past relevant work as a Dental Lab Technician and as an Office Manager as actually or generally performed. (*Id.*). Further, the ALJ determined that Plaintiff was able to perform other jobs that exist in significant numbers in the national economy. (*Id.*). The ALJ thus concluded that a finding of "not disabled" was appropriate. (Tr. 21). Therefore, Plaintiff did not qualify for benefits.

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in his decision, when compared with the point raised by Plaintiff, is sufficiently comprehensive and, therefore, there is no need to summarize it again here.

## ANALYSIS

Plaintiff alleged the ALJ erred in evaluating the credibility of the Plaintiff's statements. (Plaintiff br. 3-14). Specifically, Plaintiff asserted that "the ALJ's reasons

for rejecting Plaintiff's statements are not supported by the record and are not valid" and that "the ALJ did not sufficiently articulate his analysis to allow this Court to trace the reasoning." (*Id.* at 5, 8). The ALJ found that "Plaintiff's statements about the intensity, persistence and limiting effects of her symptoms are inconsistent with the record as a whole" and determined that Plaintiff had the ability to perform light work. (*Id.* at 5). Plaintiff argued that the ALJ erred in this determination and in weighing the Plaintiff's statements for four reasons. (*Id.* at 5-14).

First, Plaintiff argued that "the ALJ clearly credited some of Plaintiff's statements regarding intensity, persistence and limiting effects" of her condition but that the ALJ failed to evaluate Plaintiff's ability to sustain light work. (*Id.* at 5). This argument fails, the ALJ reviewed and discussed each of the medical assessments in determining the Plaintiff's RFC. (Tr. 19). Further, in determining the Plaintiff's RFC, the ALJ considered not only the medical assessments but also Plaintiff's testimony regarding tasks she is able to complete and medical records. (Tr. 17-19). While an ALJ who denies benefits must build an "accurate and logical bridge from the evidence to her conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). This Court does not reweigh evidence that has been considered by the ALJ. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). Here the ALJ properly considered the record in making his determination of the Plaintiff's RFC and explained in an accurate and logical way why the record supported his determination. Additionally, the medical assessments support his finding and thus constitute substantial evidence supporting his

determination. *See Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008).

Second, Plaintiff argued that the ALJ's consideration of the fact that Plaintiff received conservative treatment was an unqualified medical conclusion and thus not proper for evaluation of credibility. (Tr. 3, 6). This argument once again fails. The relevant regulations and the Seventh Circuit "contemplate that an ALJ will consider a claimant's treatment history." *Deborah M. v. Saul*, 994 F.3d 785, 790 (7th Cir. 2009). An ALJ may properly consider and factor conservative treatment into his finding that a claimant is not disabled. *See Prill v. Kijakazi*, 23 F.4th 738, 749 (7th Cir. 2022). Here it was reasonable for the ALJ to weigh the conservative nature of Plaintiff's treatment as a factor in support of his finding that Plaintiff maintained the ability to work.

Third, Plaintiff argued that the ALJ erred in failing to consider certain "delineations" regarding her ability to perform household chores. (Plaintiff's br. 7). The ALJ did note some of the "delineations" that Plaintiff alleged in the record such as Plaintiff's need to frequently use the restroom while grocery shopping. (Tr. 17). This Court notes that although the ALJ did address one such "delineation" further explanation of his reasoning to find that Plaintiff's daily activities contribute to an RFC of light work would be helpful and necessary if other grounds supporting the finding were not present. However, where sufficient grounds otherwise exist to support the ALJ's determination the Court will not overturn the ALJ's decision unless it is "patently wrong." *McKinzey v. Astrue*, 641 F.3d 884, 890-91 (7th Cir. 2011) (quoting *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004)). As set forth above,

there is substantial evidence, including the medical assessments, to support the ALJ's ruling in this case.

Fourth, Plaintiff argued that "the ALJ failed to acknowledge that Plaintiff's statements regarding the intensity, persistence and limiting effects from IBS-D remained consistent throughout the pendency of this claim." (Plaintiff's br. 10). An ALJ must consider all credible evidence; however, an ALJ is not required to fully accept a plaintiff's perception of their own disability. *See Cass v. Shalala*, 8 F.3d 552, 555 (7th Cir. 1993). Although the Plaintiff's statements regarding her symptoms have maintained consistency throughout the pendency of this claim, the ALJ properly noted substantial evidence in the medical records contradictory to Plaintiff's subjective statements. For example, the Plaintiff reported chronic diarrhea from June to October of 2019 which she stated was "most likely compatible with IBS." (Plaintiff's br. 11). However, as the ALJ properly considered "[i]n July 2019, the claimant was noted to have no evidence of inflammatory bowel disease during her gastroenterological consult." (Tr. 18). Where, as in this case, substantial evidence contrary supports a conclusion contrary to Plaintiff's subjective statements the ALJ does not err by not adopting such subjective statements. The ALJ considered the evidence regarding Plaintiff's disability including her statements but found that she was still capable of working at the light level. (*Id.*).

For the reasons set forth herein, the ALJ's findings were sufficiently supported given this Court's deferential standard of review and he did not err in a manner warranting reversal of the final agency decision.

CONCLUSION

After careful review of the record, the Court finds that the ALJ committed no reversible errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's applications for disability benefits is **AFFIRMED**. The Clerk of Court is **DIRECTED** to close this case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED:  September 13, 2023**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
